(No. 3073—■

EUPHIE WOOD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 3, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

From the complaint herein it appears that prior to and on November 2d, 1936 claimant, who was then seventy years of age, resided on a farm near the railroad station known as Pisgah, in Morgan County.

While she was performing her household duties on the last mentioned date, she heard a knock at the side door. She responded thereto and found a man who was later ascertained to be Joseph Flynn, an escaped patient from the Jacksonville State Hospital, Jacksonville, Illinois. He asked for food, and while claimant was preparing the same, Flynn grabbed her about the throat and struck her. She defended herself to the best of her ability, but Flynn dragged her to the basement where she was assaulted and raped and was left unconscious. When consciousness returned Flynn had departed and claimant telephoned for help. Flynn was apprehended shortly thereafter by the sheriff who had been notified of his escape by the authorities of the Jacksonville State Hospital. Claimant was afterwards taken by ambulance to the Passavant Memorial Hospital at Jacksonville, and incurred expenses for medical and hospital care, nursing, etc., in the total amount of $102.75, and asks an award in an amount sufficient to cover such expenses, and in addition thereto the sum of $1,500.00.

The Attorney General has entered a motion to dismiss the case for the reason that there is no liability on the part of the respondent under the facts set forth in the complaint.

This court has repeatedly held that the State in the conduct of its penal and charitable institutions is engaged in a

governmental function, and that in the exercise of such functions, it is not responsible for the acts of its servants and agents in the absence of a statute making it so liable. See *Jones* vs. *State,* 8 C. C. R. 77, and *Palumbo* vs. *State,* 8 C. C. R. 196, and cases there cited.

There is no theory of law upon which to base any legal liability on the part of the State for the acts of inmates of State institutions, in the absence of a statute making it so liable.

We have no authority to allow an award in any case unless there would be a legal liability on the part of the State if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207.

There being no legal liability on the part of the State, we have no authority to allow an award, regardless of how much the case might appeal to the sympathies of the court. Award must therefore be denied. Award denied. Case dismissed.